IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTIN JONES, #1887186,                     )<br>          Petitioner,             )<br>vs.                                                                )<br>                                                     )<br>STATE OF TEXAS,                                 )<br>          Respondent.          ) | No. 3:22-CV-1521-B-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On July 14, 2022, correspondence which stated that he had unsuccessfully attempted to obtain copies of records from the State of Texas or Dallas County, was received from a *pro se* prisoner. (*See* doc. 3.) Because he asked "to have a federal representative confront the state to compl[y] with the law and send the information/documentation [he] requested," his request was liberally construed as a petition for writ of mandamus under 28 U.S.C. § 1361. (*See* doc. 4.) By *Notice of Deficiency and Order* dated July 15, 2022, the petitioner was notified that if intended to file a petition for writ of mandamus, he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*Id.*) He was ordered to either pay the $5.00 filing fee or file an IFP motion within thirty days. (*Id.*)[2] The petitioner was also notified that if he did not intend to file

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] The Fifth Circuit Court of Appeals has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). When a writ of mandamus is filed by a prisoner seeking to proceed in forma pauperis, "the nature of the underlying action" determines the applicability of the Prison Litigation Reform Act ("PLRA"). *Id.*; *In re Stone*, 118 F.3d at 1034. Because the underlying action for this case is criminal in nature, the petitioner is subject to the $5 filing fee for habeas cases rather than the filing fee provisions of the PLRA. *See In re Crittenden*, 143 F.3d at 920 (recognizing that the PLRA applies to civil actions).

a mandamus petition in federal court, he could file a notice voluntarily dismissing his federal case within thirty (30) days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

Well more than thirty days from the date of the notice have passed, but the petitioner has not paid the filing fee, filed an IFP motion, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the petitioner was given thirty days to either pay the filing fee or file an IFP motion, and the notice specifically warned that failure to comply could result in the dismissal of his petition. He still has not complied with the notice and order or otherwise responded. Because he failed to comply with the notice of deficiency and order within thirty days, his petition should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## III. RECOMMENDATION

The petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless the petitioner either pays the $5 filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 21st day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE